FRANCIS A. CLEVELAND et ux. *vs.* CHARLES G. HAVENS, executor, &c., and others.

Where the terms of a bequest of personalty are such as would, in a devise of real estate, create an estate tail in the devisee, it operates as an absolute gift of the personalty, and a bequest over on the failure of issue of the first taker is void.

Where the gift is to A. and his issue, or to A. and the heirs of his body, and the limitation over is upon an indefinite failure of issue, the estate vests absolutely in the first taker.

But where the limitation over is upon a definite, not an indefinite failure of issue, the first legatee takes an estate for life only, and the limitation over is good. And it is immaterial in such case whether the gift to the first taker be of the subject itself or only of the use.

The law requires wills, both of real and personal estate, to be in writing, and parol evidence is not admissible to add to, contradict, or vary their contents.

---

*Lewis R. Grover*, for complainants.

THE CHANCELLOR. The bill is filed by a legatee under the will of Eliza H. Marsiglia, to settle the construction of a bequest contained in the will and to enforce the payment of the legacy. The bequest is as follows : "I give,

I*

devise, and bequeath the remaining one equal half part of all the rest, residue, and remainder of said trust property, and of any and all other property, of every kind and description, belonging to me at the time of my decease, to my said daughter Catharine and to her lawful issue. But in case of the death of my said daughter Catharine without leaving lawful issue living at the time of her decease, then I give, devise, and bequeath the same to my said daughter Ada and to her lawful issue. And should both of my said daughters so die without leaving lawful issue surviving, then I give, devise, and bequeath the same, or so much thereof as may remain, to John Pienezoe and Frances Chanwand (my children by my former husband, John J. Chanwand,) equally and to their heirs for ever."

The property disposed of by the bequest was the sum of six hundred dollars in money.

The will purports to give a legacy to Catharine, the daughter of the testatrix, and on her death to her issue; but if she died without issue living at the time of her death, then over (to Ada, another daughter of the testatrix).

It is claimed, on the part of the complainant, that under the terms of the gift the legacy vests absolutely in Catharine, the first legatee.

Where the terms of a bequest of personalty are such as would in a devise of real estate create an estate tail in the devisee, it operates as an absolute gift of the personalty, and a bequest over on the failure of issue of the first taker is void. *Lyon* v. *Mitchel*, 1 *Mad. R.* 467, (1*st Am. ed.*) 253. 2 *Roper on Leg.* 1520, *c.* 22, § 1.

When the gift is to A. and his issue, or to A. and the heirs of his body, and the limitation over is upon an indefinite failure, the estate vests absolutely in the first taker.

But when the limitation over is upon a definite, not an indefinite failure of issue, the first legatee takes an estate for life only, and the limitation over is good.

In the present case the bequest over is made upon a definite failure of issue. It is upon the death of Catharine without leaving lawful issue living at the time of her death. Terms cannot be more explicit. The limitation over is upon a definite failure of issue. The bequest over in such case will be supported. The first legatee takes but a life interest, and it is immaterial whether the gift be of the subject itself or only of the use. *Hyde* v. *Parrott*, 1 *P. Wms.* 1; *Tissen* v. *Tissen, Ib.* 502; *Upwell* v. *Halsey, Ib.* 652.

The terms of the will admit no doubt that the complainant is entitled only to the use of the money for life; that upon her death leaving issue the principal vests absolutely in the children, and in default of issue, then over to the other legatees named in the will.

The case is not altered by the answer of the executor. His consent to a decree against him cannot affect the rights of the real parties in interest. He is a mere trustee. He takes no interest under this part of the will. The parties really in interest are those to whom the money is given upon the death of the complainant, and though they fail to appear and make defence the court will not decree against them contrary to the clear right of the case. But their interest is contingent only, and it may well be doubted whether, even with their consent, the court would be justified in making the decree prayed for, or whether such decree, if made, would afford protection to the executor against the claims of those whose interests may render the provisions of the will accrue hereafter.

The executor not only assents to the decree as prayed for, but he also admits the truth of sundry charges in the bill, and states facts, the benefit of which is claimed by the complainant as establishing the truth of the charges made by the bill.

It is stated, among other things, by the answer of the executor, that he drew the will in question at the request and under written instructions from the testatrix, and

that he was instructed to give the trust money in the bill mentioned, being the sum of $600, then in his hands as trustee, absolutely to Catharine, one of the complainants; that he intended so to draw the will; he knows the testatrix so understood the will to read, and the executor himself so construed it, and he proffers himself ready to pay the money to the complainants under the order and protection of the court.

Aside from all exceptions that might be taken to these statements and admissions on the part of the executor, as evidence to affect the rights of parties having interests under the provisions of the will, treating it as legal and competent evidence in the cause, is the evidence in itself competent? It embraces two objects. Its purpose is to prove—1. That the will was not drawn in pursuance of the written instructions given by the testatrix. 2. That the testatrix and the scrivener understood the will differently from its legal import. But parol evidence is competent for neither of these purposes.

The law requires wills, both of real and personal estate, to be in writing, and parol evidence is not admissible to add to, contradict, or vary their contents. "No principle," says Mr. Jarman, "connected with the law of wills is more firmly established or more familiar in its application than this: and it seems to have been acted upon by the judges, as well of early as of later times, with a cordiality and steadiness which show how entirely it coincided with their own views." 1 *Jarman on Wills* 349.

The judgment of a court in expounding a will is to be simply declaratory of what is in the instrument. *Wigram on Wills ; Greenl. on Ev.* § 290, *note ;* 1 *Jarman on Wills* 358.

There are no latent ambiguities to be removed. The words of the will are clear, and have a definite and well ascertained meaning. In such case no extrinsic evidence to show a different meaning can be admitted.

See the cases cited in 1 *Jarman* 348, *note* 1; *Mann* v. *Ex'rs of Mann,* 1 *Johns. Ch. R.* 231.

These principles have been repeatedly recognised in this state. *Hand* v. *Hoffman*, 3 *Halst.* 71.

There is nothing in the case that will warrant a decree in favor of the complainants.

The bill must be dismissed.